IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-07-005** |
| | § | |
| **LATRICIA CHAPA,** | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

### Background

Plaintiff United States of America seeks recovery from defendant for defaulting on a student loan guaranteed by the Department of Education (D.E. 1). Defendant Chapa was served with a copy of the complaint on January 31, 2007 (D.E. 3). To date Chapa has not filed an answer. On April 16, 2007, the Clerk entered default (D.E.5). Pending is plaintiff's motion for default judgment (D.E. 7). To date, defendant has failed to file a response.

### Applicable Law

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend a lawsuit in federal court and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. Fed. R. Civ. P. 55(a). After a defendant has been defaulted for failure to appear, judgment by default shall be entered upon affidavit of the amount due when the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain. Fed. R. Civ. P. 55(b). Default judgment may

be entered only if plaintiff certifies defendant is not in the military service. 50 App. U.S.C. § 521(b)(1).

In order for judgment to be entered in favor of the United States, it must prove that (1) defendant executed the note; (2) the United States is the present holder of the note; and (3) the note is in default. *FDIC v. McCrary*, 977 F.2d 192, 194, n. 5 (5th Cir. 1992); *Federal Sav. & Loan Ins. Corp. v. Atkinson-Smith Univ. Park Joint Venture*, 729 F. Supp. 1130, 1132 (N.D.Tex. 1989). The defendant bears the burden of proof on any defenses. *Eckert-Fair Const. Co. v. Capitol Steel & Iron Co.*, 178 F.2d 338 (5th Cir. 1949), *cert. denied*, 339 U.S. 928, 70 S.Ct. 626 (1950).

The default judgment proof consists of: (1) a copy of the note (D.E. 7, Exhibit B); and (2) a copy of the certificate of indebtedness (D.E. 7, Exhibit A). Because the competency of the evidence is not challenged, it may be relied upon for entry of judgment. *United States v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001).

The notes and certificate of indebtedness reflect that on or about January 28, 1985, defendant executed a promissory note in the principal amount of $2,350.00, payable to Farmers & Merchant Bank - Colby, KS (D.E. 7, Exhs. A & B). The interest rate for repayment was set at 8% per annum (D.E. 7, Exh. A). The note was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under a loan guaranty program authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 *et seq*. (34 C.F.R. Part 682) (*Id*). The defendant defaulted on the note on August 28, 1990, and the guaranty agency paid a claim in the amount of

$1,969.83 to the holder (*Id.*). After the guarantor was unable to collect the full amount due, the guarantor assigned all right and title to the notes to the Department of Education (*Id.*). After application of all credits, a loan analyst with the United States Department of Education calculated that as of April 6, 1999, the principal balance owed was $1,969.83, plus interest of $1,210.00 plus collection costs of $24.49, for a total of $3,204.32(*Id.*). Interest accrues on the principal balance at the rate of $0.43 per day from April 6, 1999 (*Id.*).

The United States has demonstrated that the defendant executed the notes, the United States is the current holder of the notes, and the notes are in default. The United States has also submitted an affidavit that defendant is not currently in the military service of the United States (D.E. 7, Attached Nonmilitary Declaration). The United States is entitled to entry of default judgment.

## **Attorney's Fees**

Plaintiff also seeks $550 in attorney's fees. The note provides for payment of reasonable attorney's fees upon default (D.E. 7, Exh. B@ Sec. H). The United States is also entitled to reasonable attorney's fees as a prevailing party in litigation brought by it. 28 U.S.C. § 2412(b).

In this circuit, attorney fees are determined by first multiplying the reasonable hourly fee by the number of hours reasonably expended to arrive at a "lodestar" fee. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (Title VII); *Mid-Continent Casualty Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 231 (5th Cir. 2000) (breach of contract). Then the court considers whether the lodestar figure should be adjusted upward or downward

depending upon the circumstances of the case. *Migis*, 135 F.3d at 1047. In making the adjustment the court looks to the twelve *Johnson* factors:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

Here, counsel stated a reasonable fee in a case such as this one is $550 (D.E. 7, affidavit of counsel). Though he failed to document the actual time spent on this case, he did describe the services performed: (1) review of the file; (2) consulting with representatives of the client, (3) drafting and filing the complaint; and (4) preparing the motion for default judgment and supporting affidavits. (*Id.*). A fee of $550 is reasonable, and is recommended.

## Costs

Plaintiff also seeks reimbursement for costs of $423.00: (1) $55.00 service fee; (2) $18.00 judgment recording fee; and (3) filing fee of $350.00 (D.E. 7, Exh. A & affidavit of counsel). The terms of the note require payment of all charges and costs related to default (D.E. 7, Exh. B @ Sec. H). In addition, the United States is entitled to costs of suit. 28 U.S.C. §§ 1920, 2412.

## **RECOMMENDATION**

It is respectfully recommended that plaintiff's motions for default judgment (D.E. 7) be granted, and that judgment in favor of the United States of America be entered as follows:

| | |
|---|---|
| Principal Balance | $1,969.83 |
| Interest as of April 6, 1999 | $1,210.00 |
| Administrative/Collection Costs | $   24.49 |
| Plus prejudgment interest at the rate of $0.43 per day from April 6, 1999 | |
| District Court Filing fee | $  350.00 |
| Process Server fee | $    55.00 |
| Judgment Recording fee | $    18.00 |
| Attorney's Fees | $  550.00 |

Plus post judgment interest at the prevailing rate.

Respectfully submitted this 20th day of July, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (1996) (en banc).